UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| NISHATUR KHAN,<br><br>       Plaintiff,<br><br>  vs.<br><br>KAISER FOUNDATION HEALTH PLAN, INC., a corporation, and DOES 1-20, inclusive,<br><br>       Defendants. | Case No: C 10-04704 SBA<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING REQUEST FOR FEES AND COSTS**<br><br>Docket 13 |

      Plaintiff Nishitur Khan ("Plaintiff") filed the instant wrongful termination action against Defendant Kaiser Foundation Health Plan, Inc. ("Kaiser") in the Alameda County Superior Court. Kaiser removed the action under 28 U.S.C. § 1441(a), on the ground that Plaintiff's claims are preempted by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, et seq. The parties are presently before the Court on Plaintiff's motion to remand and request for an award of fees and costs. Dkt. 6, 16. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS Plaintiff's motion to remand and DENIES his request for fees and costs. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

## I. BACKGROUND

### A. FACTUAL SUMMARY

On or about February 3, 2006, Plaintiff began working for Kaiser in its Information Technology department as a Program Manager/Senior Consultant. Compl. ¶ 6, Dkt. 1. On October 28, 2008, Plaintiff was promoted to Director of Performance Improvement Implementation. Id. He consistently received positive performance reviews and feedback from supervisors and co-workers. Id.

On November 29, 2009, Plaintiff was called into a meeting with Ms. Schilling, a representative from Kaiser's Human Resources department, and was informed that his employment was being terminated. Id. ¶ 9. The only reason provided for his termination was that Plaintiff's facilities were "not where they should be." Id. Plaintiff had no prior notice of any problems concerning his performance or his facilities. Id. ¶¶ 9-10. He alleges that Kaiser's conduct was ageist because he was treated more harshly than younger employees, who were afforded an opportunity to improve their performance and avoid immediate termination, pursuant to a performance improvement plan. Id. ¶ 10. In addition, Plaintiff alleges that Kaiser terminated his employment to avoid having to provide him with pension benefits which he would have been eligible to receive as of July 10, 2010. Id. ¶ 7.

### B. PROCEDURAL HISTORY

On September 15, 2010, Plaintiff filed a Complaint suit against Kaiser in state court. The Complaint alleges two state law causes of action: (1) age discrimination in violation of the California Fair Employment and Housing Act ("FEHA"), Cal. Gov. Code § 12940(a); and (2) wrongful termination in violation of public policy. In his age discrimination claim, Plaintiff alleges that:

> Defendants, and each of them, *in violation of public policy against employment discrimination based on age*, pursued a course of conduct of age discrimination against Plaintiff *by wrongfully terminating him*, terminating him months before he reached age 65 for the intended purpose of denying his receipt of a lifetime pension, denying him equal treatment under KAISER's progressive disciplinary policy, embarrassing him and engaging in other subtle forms of discrimination, in

**1**           violation of the California Fair Employment and Housing
**2**           Act….

**3** Compl. ¶ 13 (emphasis added).  Plaintiff's second cause of action is based on essentially
**4** the same allegations.  Id. ¶ 20.  The Complaint avers that as a result of Kaiser's "unlawful
**5** age discrimination … in violation of public policy," Plaintiff "has been specially damaged
**6** by way of lost income and benefits, bonuses, pensions, expenses and other special damages
**7** in amounts presently unascertained."  Id. ¶ 21.
**8**       On October 18, 2010, Kaiser removed the instant action under 28 U.S.C. § 1441,
**9** alleging that Plaintiff's claims are completely preempted by ERISA.  Notice of Removal
**10** ¶ 5.  In particular, Kaiser contends that Plaintiff's claim that it terminated his employment
**11** in order to avoid having to provide pension benefits automatically brings his claims within
**12** the exclusive purview of ERISA.  Id.  Plaintiff disputes this, and has filed a motion to
**13** remand.  In his motion, Plaintiff asserts that the alleged loss of pension benefits simply is "a
**14** component in calculating his damages."  Pl.'s Mot. to Remand, Dkt. 13.  Plaintiff also
**15** seeks recovery of attorneys' fees and costs in the amount of $2,400 under 28 U.S.C.
**16** § 1447(d) based on Kaiser's allegedly improvident removal.

**17** **II.**   **LEGAL STANDARD**

**18**       A motion for remand is the proper procedure for challenging removal.  Remand may
**19** be ordered either for lack of subject matter jurisdiction or for a defect in removal procedure.
**20** See 28 U.S .C. § 1447(c).  "[R]emoval statutes are strictly construed against removal."
**21** Luther v. Countrywide Home Loans Servicing, LP, 533 F.3d 1031, 1034 (9th Cir. 2008).
**22** "The presumption against removal means that the defendant always has the burden of
**23** establishing that removal is proper."  Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d
**24** 1241, 1244 (9th Cir. 2009).  As such, any doubts regarding the propriety of the removal
**25** favor remanding the case.  See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).
**26**
**27**
**28**

### III. DISCUSSION

#### A. OVERVIEW OF REMOVAL JURISDICTION

The federal removal statute provides, in pertinent part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Id. § 1331. The "arising under" qualification of § 1331 confers district courts with jurisdiction to hear "[o]nly those cases in which a well-pleaded complaint establishes either that [1] federal law creates the cause of action or that [2] the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Armstrong v. N. Mariana Islands, 576 F.3d 950, 954-55 (9th Cir. 2009) (internal quotations omitted).

The Complaint only alleges state law causes of action. "[T]he plaintiff is 'the master of his complaint' and may 'avoid federal jurisdiction by relying exclusively on state law.'" Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting Balcorta v. Twentieth Century-Fox Film Corp., 208 F.3d 1102, 1106 (9th Cir. 2000)). Nonetheless, "there exist a handful of extraordinary situations where even a well-pleaded state law complaint will be deemed to arise under federal law for jurisdictional purposes." Hall v. N. Am. Van Lines, Inc., 476 F.3d 683, 687 (9th Cir. 2007) (internal quotations and citation omitted). "Under the 'artful pleading' doctrine, a well-pleaded state law claim presents a federal question when a federal statute has completely preempted that particular area of law." Id. "The artful pleading doctrine allows removal where federal law completely preempts a plaintiff's state-law claim." Rivet v. Regions Bank of La., 522 U.S. 470, 475 (1998).

#### B. PREEMPTION UNDER ERISA

There are two types of preemption under ERISA: (1) "complete preemption" under § 502(a) of ERISA, 29 U.S.C. § 1132(a); and (2) "conflict preemption" under § 514(a) of

ERISA, 29 U.S.C. § 1144(a).  Marin Gen. Hosp. v. Modesto & Empire Traction Co., 581 F.3d 941, 944-45 (9th Cir. 2009).  "Complete preemption removal is an exception to the otherwise applicable rule that a 'plaintiff is ordinarily entitled to remain in state court so long as its complaint does not, on its face, affirmatively allege a federal claim.'"  Id. at 945 (quoting Pascack Valley Hosp. v. Local 464A UFCW Welfare Reimbursement Plan, 388 F.3d 393, 398 (3rd Cir. 2004)).  In contrast, conflict preemption under § 514(a) of ERISA preempts state laws only "insofar as they ... *relate to* any employee benefit plan."  29 U.S.C. § 1144(a) (emphasis added).  Unlike complete preemption, "a defense of conflict preemption under § 514(a) does not confer federal question jurisdiction on a federal district court."  Id. at 945.

### 1. Conflict Preemption

Kaiser argues, as a threshold matter, that Plaintiff's claims are preempted under ERISA § 514(a) on the ground that they "relate to" an ERISA plan.  Def.'s Opp'n at 2-3.  However, as the Ninth Circuit recently held in Marin Gen. Hosp., a key case cited by neither party, "the question whether a law or claim 'relates to' an ERISA plan is not the test for complete preemption under § 502(a)(1)(B).  Rather, it is the test for conflict preemption under § 514(a)."  Marin Gen. Hosp., 581 F.3d at 949.  As such, whether or not Plaintiff's claims relate to an ERISA plan is inapposite for purposes of ascertaining the Court's removal jurisdiction under 28 U.S.C. § 1441(a).  See id. at 949 ("A defense of conflict preemption under § 514(a) does not provide a basis for federal question jurisdiction under either § 1331(a) or § 1441(a).").

### 2. Complete Preemption

Kaiser also argues, as an ancillary matter, that Plaintiff's claims are subject to complete preemption under § 502(a) of ERISA.  See Def.'s Opp'n at 5-6.  The standard for complete preemption under ERISA § 502(a) is set out in Aetna Health Inc. v. Davila, 542 U.S. 200 (2004) ("Davila").  "Under Davila, a state-law cause of action is completely preempted if (1) 'an individual, at some point in time, could have brought [the] claim under ERISA § 502(a)(1)(B),' and (2) 'where there is no other independent legal duty that is

implicated by a defendant's actions.'" Marin General Hosp., 581 F.3d at 946 (quoting in part Davila, 542 U.S. at 210). "A state-law cause of action is preempted by § 502(a)(1)(B) only if both prongs of the test are satisfied." Id. at 947. Thus, to avoid remand, Kaiser bears the burden of establishing not only that Plaintiff could have brought his claims under ERISA § 502(a), but also that there is no other independent legal duty implicated under state law to support those claims.

### a) First Prong of Davila

"The question under the first prong of Davila is whether a plaintiff seeking to assert a state-law claim 'at some point in time, could have brought [the] claim under ERISA § 502(a)(1)(B).'" Id. (quoting in part Davila, 542 U.S. at 210). Section 502(a)(1)(B) authorizes a plan participant or beneficiary to bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan[.]" 28 U.S.C. § 1132(a)(1)(B). Here, Plaintiff alleges, inter alia, that Kaiser terminated him "for the intended purpose of denying his receipt of a lifetime pension," and he correspondingly seeks recovery of those benefits. See Compl. ¶¶ 20, 21. Kaiser contends, and Plaintiff does not dispute, that he could have brought his claims under ERISA § 502(a). The Court thus finds that the first requirement for complete preemption is present.

### b) Second Prong of Davila

The remaining question under the Davila test is whether there is no other independent duty is implicated by Kaiser's actions. See Marin Gen. Hosp., 581 F.3d at 946. "If there is some other independent legal duty beyond that imposed by an ERISA plan, a claim based on that duty is not completely preempted under § 502(a)(1)(B)." Id. at 949. Applying that standard to the instant action, the Court must determine whether Plaintiff's age discrimination and wrongful termination claims "would exist whether or not an ERISA plan existed." Id. at 950. Unfortunately, Kaiser's opposition fails to present any argument regarding the second prong of the Davila test. See Def.'s Opp'n at 4-6. Such omission is fatal to Kaiser's attempt to avoid remand. The law is clear that the removing

defendant always has the burden of establishing that the removal is proper.  See Gaus, 980 F.2d at 566.  As such, it was incumbent upon Kaiser to establish that *both* prongs of Davila's test for complete preemption have been satisfied.  See Indep. Towers of Wash. v. Wash., 350 F.3d 925, 929 (9th Cir. 2003) ("Our adversarial system relies on the advocates to inform the discussion and raise the issues to the court.").  By failing to address the second prong of the Davila test, the Court finds that Kaiser has failed to carry its burden of demonstrating that Plaintiff's claims are completely preempted.  Because there are doubts regarding the existence of removal jurisdiction, the action must be remanded.  See Gaus, 980 F.2d at 566.[1]

### C.  REQUEST FOR FEES AND COSTS

Where a case is improperly removed, the Court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  The Court has "wide discretion" under § 1447(c).  Moore v. Permanente Medical Group, Inc., 981 F.2d 443, 447 (9th Cir.1992).  However, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."  Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).  Here, Kaiser had an objectively reasonable basis for removing the action based on Plaintiff's allegations that one of Kaiser's motivations in terminating his employment was its desire to avoid having to provide pension benefits.  Accordingly, Plaintiff's request for fees and costs is denied.

---

[1] As an aside, the Court notes that Plaintiff's age discrimination and wrongful termination claims are not entirely dependent on Kaiser's alleged intent to deprive him of his pension benefits.  The Complaint also alleges, inter alia, that Plaintiff was terminated because of his age.  It is thus arguable that Plaintiffs' employment-based claims would exist irrespective of the existence of an ERISA-governed plan.  See Ruby v. Sandia Corp., 699 F. Supp. 2d 1247, 1278 (D.N.M. 2010) (finding that age discrimination claim based on a "mixed motive of both discrimination … because of … age and a because of a benefits-defeating motive" was not preempted by ERISA) (citing Marin Gen. Hosp., 581 F.3d at 950).

IV.     CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT Plaintiff's motion to remand is GRANTED. Plaintiff's request for fees and costs is DENIED. The instant action is REMANDED to the Alameda County Superior Court. The Clerk shall close the file and terminate any pending matters.

IT IS SO ORDERED.

Dated: February 2, 2011

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge